William C. Hahesy, #105743
**LAW OFFICES OF WILLIAM C. HAHESY**
6715 N. Palm Avenue, Suite 214
Fresno, CA 93704
Telephone (559) 579-1230
Facsimile (559) 579-1231

Attorney for Defendant Davis Moreno Construction, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE FELIX, on behalf of himself and others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>DAVIS MORENO CONSTRUCTION, INC., as an individual,<br><br>Defendant(s). | Case No. 1:07-CV-00533-LJO-GSA<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON** |

The parties hereby stipulate, by and through their respective attorneys, to the entry of the following Protective Order pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure and other applicable law, including the inherent authority of this Court to regulate discovery.

**IT IS HEREBY ORDERED BY THE COURT THAT:**

1. Any document, or portion thereof, and any other form of evidence or discovery contemplated under the Federal Rules of Civil Procedure, which, in the good faith opinion of the party providing such discovery (the "producing party") contains any confidential financial information, personnel, customer information, or other proprietary information ("Confidential Information"), may be designated by the producing party as CONFIDENTIAL. This protective order concerns only Confidential Information exchanged between the parties. It

PDF created with pdfFactory trial version www.pdffactory.com

is not intended to cover documents or information obtained by a party from a third party, including public record act request. However, all parties reserve the right to object to the production or retention of any information obtained by a party from third parties, including pursuant to public record act requests, that is later determined by the Court after motion to be confidential.

2. The term "litigation" used herein shall mean only the within action pending in the United States District Court, Eastern District of California, entitled *Felix vs. Davis Moreno Construction*, Case No. 07-CV-00533-LJO-GSA.

3. Confidential Information may be designated as follows:

a. Documents or copies provided by one party to the other containing Confidential Information may be designated by marking the page or the pages on which the Confidential Information appears with the legend "CONFIDENTIAL"

b. In lieu of marking each page, a party may, at its option, identify in writing, groups of pages between which all the documents or information contain "confidential" information.

c. Confidential Information disclosed at a deposition may be designated by a producing party as Confidential Information by clearly indicating on the record, as set forth below, at the deposition the specific testimony containing Confidential Information that is to be made subject to the provisions of this order or doing so in writing to the other parties within 40 days of the completion of the deposition. Any Confidential designation of deposition transcripts may be challenged pursuant to paragraph 9 of this Order. During the course of any deposition in this litigation, if any party believes that the information sought consists of Confidential Information, he or she may so declare. The court reporter will immediately note said declaration on the record and will thereafter designate that portion of the transcript and/or document involved as Confidential Information and all such portions of transcripts supplied to counsel will be so designated. It will be counsel's responsibility to assure that the Confidential Information portions of the depositions are not disclosed to anyone not authorized to receive Confidential Information pursuant to this protective order. Exhibits

PDF created with pdfFactory trial version www.pdffactory.com

marked as Confidential Information at any deposition will be sealed in a separate envelope which is marked on the outside "Confidential Information". The designating party shall have the right to have all persons, except those authorized to receive confidential information pursuant to this protective order, excluded from the deposition room during the taking of testimony designated as Confidential Information.

        d.    Confidential Information contained in responses to interrogatories, requests for production of documents, requests for admissions, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, may be designated as Confidential Information by prominently marking each page containing confidential Information with the legend "CONFIDENTIAL."

        e.    The attorneys of record shall be responsible for insuring that any of their work product which contains Confidential Information of another party entitled to protection under this Order, including copies of production documents, notes, memoranda, and documents prepared for filing with the Court, complies with this Protective Order.

    4.    Confidential Information shall only be disclosed to and made available to the following designated persons:

        a.    The attorneys of record for each party to this litigation and their firm staff, including associates, paralegals, secretaries, and support staff and the like;

        b.    The Parties;

        c.    Contract or temporary personnel retained to perform work relative to this litigation;

        d.    Independent experts or consultants retained by a party or counsel of record in connection with this litigation ("retained experts or consultants"), provided such retained experts or consultants agree, in advance, to be bound by this Order, to use such Confidential Information solely for purposes of this litigation and not to disclose any such Confidential Information to any other person, firm, or concern.

        e.    Court stenographers, outside copy services, interpreters and translators whose functions require them to have access to Confidential Information and who

PDF created with pdfFactory trial version www.pdffactory.com

also agree to be bound by this Order and to use the Confidential Information solely for purposes of this litigation and not to disclose any such Confidential Information to any other person or firm.

    f.  Witnesses in a deposition, provided these documents are designated as confidential during the deposition and maintained as such by the court reporter as part of the official record; and

    g.  The United States District Court.

  5.  All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation only. No Confidential Information shall be provided to anyone or any entity other than as specifically set forth herein. In the event any request, subpoena or other effort is made by a third party to obtain Confidential Information other than those persons designated in paragraph 4 above, no such Confidential Information shall be provided absent an order of this Court and after due notice and an opportunity for all parties to be heard by the Court prior to release of any such Confidential Information.

  6.  Counsel for a party producing documents may redact any material which is irrelevant to the subject matter involved in this action and which would not reasonably calculated to lead to the discovery of admissible evidence. Documents may be produced for inspection either in redacted or unredacted form. If a copy of any inspected document is requested, the copy may be redacted prior to furnishing it to the requesting counsel notwithstanding inspection of such documents in unredacted form. The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a solid black line where material has been deleted if the deletion is not otherwise readily apparent on the face of the document.

  7.  The Clerk of the Court is directed to maintain under seal and <u>in camera</u> all Confidential Information, documents, objects and other materials filed with the Court that have been designated as "CONFIDENTIAL UNDER PROTECTIVE ORDER". To assist the Clerk, any document or object that a party wishes to have placed under seal pursuant to this

PDF created with pdfFactory trial version www.pdffactory.com

1 Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed
2 container on which shall be endorsed the title and docket number of this action, an
3 identification of the nature of the contents of the seal envelope or container, the words
4 "CONFIDENTIAL UNDER PROTECTIVE ORDER" and a statement substantially in the
5 following form:

> SUBJECT TO PROTECTIVE ORDER ENTERED IN ACTION NO. 07-CV-00533-LJO-GSA, Felix vs. Davis Moreno Construction. This envelope, containing documents that are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order or under the direction of the Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention.

8. Nothing in this Order shall prevent a party from using any Confidential Information at depositions, trial or during a hearing in this litigation only. However, the party using such information or material must request that the portion of the proceeding where said use is made shall be <u>in camera</u> and that the transcript of the portion of the proceeding be maintained under seal <u>in camera</u> in accordance with paragraph 6, with access thereto limited to persons entitled to access under this Order. During the course of any hearing or the trial of this litigation, if any party believes that the information sought consists of Confidential Information, he or she may so declare. The court reporter will immediately note said declaration on the record and will thereafter designate that portion of the transcript and/or document involved as Confidential Information and all such portions of transcripts supplied to counsel or the Court will be so designated. It will be all counsel's responsibility to assure that the Confidential Information portions of the depositions are not disclosed to anyone not authorized to receive Confidential Information pursuant to this protective order. Exhibits marked as Confidential Information at any hearing or trial in this litigation will be sealed in a separate envelope that is marked on the outside "Confidential Information". The designating party shall have the right to have all persons, except those authorized to receive confidential

PDF created with pdfFactory trial version www.pdffactory.com

information pursuant to this protective order, excluded from the courtroom during the taking of testimony designated as Confidential Information.

9. Nothing herein shall be construed as (a) an agreement that any information or document designated as Confidential Information does in fact constitute Confidential Information; or (b) an agreement or admission with respect to the competency, relevance, materiality or admissibility of any such information or document. Designation of or acquiescence in the designation of documents or information as being subject to this Protective Order has no bearing whatsoever on the merits of this case, or any other case, and such action is not to be construed as an admission or used as evidence in the merits of the case.

10. Nothing herein shall be construed as any agreement that any information or document is subject to discovery. Nothing herein shall be construed to affect, in any manner, using the rules of discovery concerning compliance with other provisions of law.

11. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the producing party of any information as Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.

12. Nothing herein shall prevent disclosure beyond the terms of this order if the producing party of Confidential Information consents in writing to such disclosure. Such relief shall be sought, however, prior to the discovery cut-off date in this litigation.

13. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on his examination of Confidential Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential

PDF created with pdfFactory trial version www.pdffactory.com

Information produced by another party if that disclosure would be contrary to the terms of this Order.

14. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is confidential. Such notification shall constitute a designation of the information as Confidential Information.

15. Within sixty (60) days after the conclusion of this litigation and all appeals thereof, and expiration of any applicable statutes of limitation concerning any malpractice claims against any counsel, all documents, objects, and other material produced or designated as containing Confidential Information, all reproductions thereof, and all documents incorporating Confidential Information shall be returned to the producing party or shall be destroyed. If all such documents, objects and other materials are destroyed rather than returned to the producing party, counsel responsible for destruction of such documents, objects, and materials shall provide a sworn statement acknowledging such destruction. Insofar as the provisions of this and any other Protective Orders entered in this litigation restrict the communication and use of information produced thereunder, such Orders shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such Protective orders.

16. The terms of this Protective Order shall be applicable to any third party who produces information which is designated by such third party or a party hereto as Confidential Information.

PDF created with pdfFactory trial version www.pdffactory.com

17. This Protective Order shall not prevent either of the parties from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the Court.

Dated: April 24, 2008    By:  /s/ Matthew Gauger
                                                     Matthew Gauger
                                                     Attorneys for Plaintiff
                                                     Mike Felix

Dated: May 8, 2008    By:  /s/ William C. Hahesy
                                                    William C. Hahesy,
                                                   Attorneys for Defendant
                                                   Davis-Moreno Construction, Inc.

## **ORDER**

GOOD CAUSE APPEARING, and based upon the Stipulation of counsel, IT IS HEREBY ORDERED that the Court approves the above Stipulation for Protective Order. Counsel are further advised that all documents to be sealed by the court must also comply with Local Rule 39-141.

Dated: May  9 , 2008.    /s/  Gary S. Austin
                                              HONORABLE GARY S. AUSTIN
                                              U.S. DISTRICT COURT MAGISTRATE

PDF created with pdfFactory trial version www.pdffactory.com