# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE FELIX, individually and on behalf other persons similarly situated,<br><br>Plaintiff,<br>vs.<br><br>DAVIS MORENO CONSTRUCTION, INC.,<br><br>Defendant.<br>_____/ | CASE NO. CV F 07-0533 LJO GSA<br><br>**ORDER ON REQUEST TO FILE DECLARATION UNDER SEAL** (Doc. 26) |

## INTRODUCTION

Plaintiff has filed a Motion for Collective Class Certification. The opposition to the motion is due on August 15, 2008. Pursuant to Local Rule 39-141, Defendant Davis Moreno Construction, Inc., ("Davis Moreno") applies to the Court to direct the clerk to file under seal the declaration of Kevin Polglase, and the accompanying attachments, which contain some of the Plaintiff's personnel documents, including timesheets and pay checks. Plaintiff is not opposed to filing these documents under seal.

## DISCUSSION

The Federal Rules of Civil Procedure expressly permit courts to fashion "any order which justice requires to protect" a party from annoyance, embarrassment or oppression." Fed. Rules Civ.Proc. 26(c); *see Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law … gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information."). To that end, this Court has adopted Local Rule 39-141, which establishes procedures for filing documents under seal in order to protect certain information.

"[F]ilings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' legitimate expectation that confidential business information … will not be publicly disseminated." *In re Adobe Systems, Inc.*, 141 F.R.D. 155, 161-62 (N.D. Cal 1992) (citing *Johnson Controls, Inc. v. Phoenix Control Sys.*, 886 F.2d 1173, 1776 (9th Cir.

1989), and *Henry Hope X-Ray Prods. Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1343 (9th Cir. 1982)). Potential injury may result from the disclosure of confidential and proprietary business information, in that competitors could use such information "to duplicate [plaintiffs'] products, compete for [their]customers, or interfere with [their] business plan and thereby gain a competitive advantage n the marketplace." *Intel Corp. v. Via Tech., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000). Confidential business information may include "financial information. ." *In re Adobe*, 141 F.R.D. at 158.

Davis Moreno seeks to seal the confidential submissions identified above because they set forth in some detail confidential and personal financial information, including payroll information of the Plaintiff. The relief sought by Davis Moreno is narrowly tailored in that it requests sealing only one declaration and its exhibits that contain confidential information. A Court may order the sealing of court records when they contain confidential or otherwise sensitive business information. *IMAX Corp. v. Cinematech, Inc.*, 152 F.3d 1161, 1168 (9th Cir. 1998) (noting that confidential and proprietary business information is "to be filed under seal."); *In Re Duel-Deck Video Cassette Recorder Ant-Trust Litigation*, 10 F.3d 693, 694 (9th Cir. 1993) (stating that it "is common now in business litigation" to seal "confidential [business] information."). The Court has previously issued a protective order in this case. Pursuant to that protective order, certain documents were marked confidential, including the timesheets and payroll information for the Plaintiff.

## CONCLUSION AND ORDER

For the foregoing reasons, this Court GRANTS Davis Moreno's request to filed under seal the declaration of Kevin Polglase and accompanying exhibits.

**IT IS SO ORDERED.**

**Dated:     August 1, 2008**                     /s/ Lawrence J. O'Neill
                                               **UNITED STATES DISTRICT JUDGE**